## (July 16, 1968)

■ KARELL REALTY CORPORATION, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 42655.) — AULISI, J. Cross appeals from a judgment in favor of claimant, entered upon a decision of the Court of Claims. Claimant operates a resort hotel in Sullivan County. Claimant owned approximately 110 acres consisting of two parcels. The westerly parcel, of about 70 acres, was completely utilized with the hotel proper and its related recreational facilities. The easterly parcel, which is not contiguous, abutted a former railroad roadbed. This wooded generally undeveloped tract was used for walks and picnics, and perhaps other purposes, by claimant's guests, as well as for a water supply and waste disposal. The State appropriated the old roadbed for highway purposes and a strip of claimant's land along the westerly border of the east tract. The taking consisted of approximately 2.48 acres which left the remaining 32 acres landlocked and without access to claimant. Claimant contended that in the highly competitive resort hotel business in the Catskill Mountains, it was necessary to continually change and expand its physical plant and recreational attractions. The value of both parcels with improvements before the appropriation was stipulated to be $1,500,000. Claimant's experts stated that damage was $250,000 and $300,000, respectively. The State controverted the development potential of the easterly tract and claims that the access to said parcel was limited to agricultural purposes and valued the damaged acreage as farmland for a total of $3,250. The reservation of a "farm crossing" as contained in the deed may be subject to a different interpretation than the requisites of a farm crossing required under a condemnation statute. Apparently the owners of the

dominant and servient fees have not considered the reservation as being for only agricultural purposes. The proof when properly developed may show that during the 100 years which have passed since the reservation of the right-of-way, the crossing has as a matter of fact developed into a private crossing regardless of the original intention of the parties to the subject deed. Upon the present record the proof or lack thereof is such that the court is unable to determine this issue. The present record is inadequate, also, to support an award of damages based on the purely hypothetical development of a ski area (see *Levitin* v. *State of New York*, 12 A D 2d 6; *Wer Realty* v. *State of New York*, 26 A D 2d 732); and we find the decision insufficient to permit proper review, in, among other things, its failure to set forth a breakdown of the damages and to segregate the affected parcels (*Conklin* v. *State of New York*, 22 A D 2d 481, 484, 485). Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.